# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEROME RIDDICK, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:18-cv-313 (SRU) |
| | : | |
| SCOTT SEMPLE, et al., | : | |
|     Defendants. | : | |

## ORDER REGARDING FUTURE FILINGS

Jerome Riddick, also known as Ja-Qure Al-Bukhari, has multiple cases pending before me, including the present action. This order addresses two issues in hopes of aiding the efficient adjudication of his cases.

First, filings that seek action by, or an order from the court should be labelled as motions. Riddick has filed numerous requests for court action that he has improperly titled as proposed orders rather than motions; a proposed order can be filed in addition to, but not in place of a motion. Because the court's electronic case management system searches for motions, the use of another title delays court consideration of the request. To the extent Riddick wishes to request court action in future filings, he is hereby **ORDERED** to label such filings as motions, not as proposed orders.

Second, confusion and inefficiency have resulted from Riddick's submission to the Clerk's Office of single copies of motions (or proposed orders) for simultaneous filing in more than one of his cases, where he has captioned his submission with the docket numbers of the multiple cases in which he would like the document filed. A proper case caption includes the name and docket number of only one case. *See* Fed. R. Civ. P. 10(a) (case caption includes "the

court's name, a title, [and] a file number", not multiple file numbers). If Riddick wants to file identical motions in multiple cases, he must submit separate motions each with the caption of a single case. *See Bridgeforth v. Zaid*, 2008 WL 5381292 (W.D.N.Y. Dec. 16, 2008) (cautioning plaintiff that attempting to address multiple cases in a single correspondence does not comply with Federal Rules of Civil Procedure 7, 8, and 10). In the past, the Clerk has entered the improperly captioned document in all of the cases referenced in the caption. Given that Riddick is now on notice of the deficiency in filing documents bearing multiple case numbers, the Court will not liberally consider improperly filed documents in the future. Accordingly, Riddick is hereby **ORDERED**, when he wishes to file the same document in multiple cases, to file separate documents in each case, each such document bearing only the caption of that case.

Finally, it is worth noting that Riddick has repeatedly requested temporary restraining orders or preliminary injunctions in order to seek information, materials, or assistance that he alleges have been improperly withheld from him. Often, the requests for temporary restraining orders or preliminary injunctions seek to force defendants or third parties to provide information, materials, or assistance that do not relate to the allegations in the underlying complaint in the pertinent case, but that Riddick would like in order to aid his litigation of his pending cases (for example, receipts of electronic filings in the pending cases, or additional access to telephone calls with the Inmates' Legal Aid Program). Such matters are not properly the subject of temporary restraining orders or preliminary injunctions, and, depending on the specific nature of the individual requests, are better obtained through either informal requests or through discovery, which is not generally filed with the court. Riddick is hereby notified that requests for restraining orders and other injunctive relief must relate to the allegations of, or the relief requested in the underlying complaint. Moreover, interim injunctive relief "is an extraordinary

and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion". *Grand River Enterprise Six Nations Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted). To prevail, Riddick must demonstrate "that he is likely to succeed on the merits [of a claim in the underlying complaint], that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, ___ U.S. ___, 135 S. Ct. 2726, 2736 (2015) (internal quotation marks and citation omitted). The Second Circuit considers a showing of irreparable harm the most important requirement for an award of preliminary injunctive relief. *NAACP v. Town of East Haven*, 70 F.3d 219, 224 (2d Cir. 1995).

To the extent Riddick wishes to request temporary restraining orders or preliminary injunctions in future filings, he is hereby notified that such requests will only be granted where he is confronted with a likelihood of irreparable harm if his request is refused. If Riddick in the future feels he is not being provided with certain information regarding one of his cases pending before me, he should first inform the warden at the facility where he is incarcerated, and, if the information is still not provided, Riddick can call or write a letter to the Clerk's Office requesting verification of the relevant information, or seek the information through discovery—he should not file a request for a temporary restraining order or preliminary injunction seeking the information.

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of April 2018.

_____

Stefan R. Underhill
United States District Judge