# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEROME RIDDICK,<br>    Plaintiff,<br><br>v.<br><br>SEMPLE, *et al.*,<br>    Defendants. | No. 3:18-cv-313 (SRU) |

## ORDER

On April 6, 2018, pro se plaintiff Jerome Riddick, also known as Ja-Qure Al-Bukhari, filed a motion to disqualify me as the presiding judge in this case pursuant to 28 U.S.C. §§ 144 and 455.  (Doc. # 17.)  Riddick has also filed identical motions to disqualify me in two of his other federal cases:  No. 3:18-cv-408 (SRU) (doc. # 12) and No. 3:13-cv-656 (SRU) (doc. # 73).[1] This is not the first time that Riddick has moved to disqualify me—one year ago, Riddick moved for my disqualification in eight of his other federal cases:  No. 3:15-cv-322 (SRU) (doc. 53); No. 3:16-cv-53 (SRU) (doc. 94); No. 3:16-cv-205 (SRU) (doc. 47); No 3:16-cv-1267 (SRU) (doc. 21); No. 3:16-cv-1428 (SRU) (doc. 16); No. 3:16-cv-1769 (SRU) (doc. 11); No. 3:17-cv-120 (SRU) (doc. 15); No. 3:16-cv-2009 (SRU) (doc. 49).  In the present motion, Riddick makes assertions of prejudice due to delay that are comparable to the arguments he asserted in his last round of disqualification motions.  For the same reasons I articulated one year ago, his present motion is **denied**.

---

[1] Riddick, in fact, filed the present pending motion as a single omnibus motion in all three cases.  I note that I reminded Riddick, on April 18, 2018, that his practice of attempting to file omnibus motions is in violation of the Federal Rules of Civil Procedure, and that future attempts to file omnibus motions would not be considered.  Because Riddick's present motion(s) for disqualification was (were) filed prior to my reminder to him, however, I will consider the motion(s) as properly filed.

Under 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned". The standard to be applied to a motion to recuse is an objective one: whether a reasonable person, knowing all the facts, would conclude that the trial court's impartiality could reasonably be questioned. *See Apple v. Jewish Hosp. Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987). A judge has an affirmative duty not to disqualify himself unnecessarily. *See LoCascio v. United States*, 473 F.3d 493, 498 (2d Cir. 2007); *National Auto Brokers Corp. v. General Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978).

Riddick's motion does not provide plausible support for his assertion that I have a personal bias toward any party in the case, nor any other reason why my impartiality might reasonably be questioned. He argues that such bias is shown by my delay in ruling on his motions. A mere delay in issuing a ruling without any other indicia of bias, however, has routinely been held insufficient to provide grounds for recusal. *See United States v. LaMorte*, 940 F. Supp. 572, 577 (S.D.N.Y. 1996), *aff'd sub nom. United States v. Moritz*, 112 F.3d 506 (2d Cir. 1997); *see also Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 329 (3d Cir. 2015) ("We have never held that delay alone merits reassignment.").

In the present case, any reasonable person can see that any delays in Riddick's cases are attributable at least in part to Riddick's own excessive filings. When I ruled on Riddick's motions for disqualification one year ago, he had upwards of 50 motions pending in ten different federal cases. Those motions have all been resolved, yet he now again has upwards of 50 motions pending in even more federal cases. And, as I pointed out to Riddick in my order, dated April 18, 2018, many of his motions seek to resolve issues that should not have been addressed through motion practice in a federal court in the first place. Ironically, the filing of his motions to disqualify me has actually contributed to the delay in Riddick's cases, because, when a judge

is the subject of a motion pursuant to section 144, "such judge shall proceed no further therein" until the motion to disqualify has been decided. Nor is Riddick the sole litigant before this court. Finally, a recusal would cause still further delays in Riddick's cases because a new judge would have to take the time to become familiar with Riddick's extensive litigation history.

Accordingly, his motion must be denied.

So ordered.

Dated at Bridgeport, Connecticut, this 22nd day of May 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge