# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEROME RIDDICK, | : | |
| Plaintiff, | : | No. 3:18-cv-313 (SRU) |
| | : | |
| v. | : | |
| | : | |
| SCOTT SEMPLE, et al., | : | |
| Defendants. | : | |

## INITIAL REVIEW ORDER

Jerome Riddick ("Riddick"), currently confined at Northern Correctional Institution in Somers, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983 for violating his rights under the First and Fourteenth Amendments. Before the court completed an initial screening of the complaint, Riddick moved for leave to amend his complaint. Because he may amend his complaint once as of right before the defendants serve their response, Riddick's motion for leave to amend [ECF No. 19] is granted.

The named defendants are Commissioner Scott Semple ("Semple"), Correctional Officer Christine Paquette ("Paquette"), Disciplinary Hearing Officer Lieutenant Prior ("Prior"), Warden William Mulligan ("Mulligan"), Counselor Supervisor John Aldi ("Aldi"), Director of Offender Classification and Population Management David Maiga ("Maiga"), and District Administrator Angel Quiros ("Quiros").

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.  Allegations

On December 6, 2017, Paquette issued Riddick a disciplinary report for Security Risk Group Affiliation ("SRGA"). ECF No. 19 at 11, ¶¶ 1, 4. That charge encompasses behaviors uniquely or clearly associated with a security risk group. *Id.* ¶ 2. The charge was based on a telephone conversation Riddick had with a former inmate. *Id.* ¶ 4. The disciplinary report indicated there was no physical evidence. *Id.* at 12, ¶ 14 & at 30. The disciplinary report did set forth the two statements that were the basis of the charge. *Id.* at 30.

As part of the investigation of the December 6, 2017 disciplinary charge, Paquette searched Riddick's personal property. *Id.* at 13, ¶ 17. On December 8, 2017, she issued Riddick a second disciplinary report for SRGA based on the contents of his notebook, "an alleged historical account of the 'Black P. Stones.'" *Id.* ¶¶ 16, 18. As a result of the disciplinary report,

2

Riddick's notebook was confiscated. *Id*. at 14, ¶ 25. The notebook contained, *inter alia*, the addresses and phone numbers of family members and other personal information. *Id.* ¶¶ 26-27. Mulligan, Paquette and Prior have not returned the notebook and will not tell Riddick whether the notebook ever will be returned. *Id.* at 15, ¶¶ 29-31.

On December 28, 2017, Prior was the disciplinary hearing officer at the hearing on both disciplinary charges. At the hearing, documentary evidence was introduced. Riddick was not aware of the evidence even though prison directives required that any evidence be made available to the inmate at least 24 hours before the hearing. The documentary evidence had been provided to Prior by a prison official at the "central office." *Id.* at 12-13, ¶ 14.

At the December 28, 2017 disciplinary hearing, Prior found Riddick guilty of both disciplinary charges. Prior imposed sanctions of 10 days' confinement in punitive segregation, 90 days' loss of phone privileges, 90 days' loss of commissary privileges and 15 days' loss of Risk Reduction Earned Credit (RREC) time for each disciplinary charge. *Id.* at 12, ¶ 13 & 19, ¶ 64. Prior did not make an affirmative determination that Riddick was an SRG member and did not sanction him with placement in the SRG Program. *Id.* at 16, ¶ 39. Riddick appealed the disciplinary finding on the ground that the directive did not prohibit him from making statements "of an SRG nature." *Id.* at 17, ¶ 54. On January 23, 2018, Quiros denied the appeal. *Id.*, ¶ 55.

On January 12, 2018, Semple, Maiga and Aldi removed Riddick from Administrative Segregation Status and reclassified him as Security Risk Group ("SRG") Status. No separate classification hearing was conducted. *Id.* at 15, ¶ 33. Riddick obtained a copy of Administrative Directive 6.14 and learned that the disciplinary hearing on the SRGA charge served as the classification hearing. *Id*. at 15-16, ¶¶ 34-35. Prior did not tell Riddick that the disciplinary

3

hearing also was an SRG classification hearing and no person or document advised him of that fact before the hearing. *Id.* at 16, ¶¶ 36-37.

II.     Analysis

Riddick includes nine counts in the amended complaint: (1) Semple, Quiros, Maiga, Mulligan, Aldi, Paquette and Prior violated Riddick's right to due process by punishing him for violating vague and overbroad prison rules and failing to give him adequate notice of those rules; (2) Quiros, Prior and Paquette violated Riddick's right to freedom of speech by punishing him for the content of his phone conversation and the written content of his notebook; (3) Semple, Quiros, Maiga, Mulligan and Aldi violated Riddick's rights to freedom of speech and due process by creating and continuing a policy under which subordinates could punish Riddick for engaging in protected expressive activities; (4) Semple, Quiros, Prior, Maiga and Aldi violated Riddick's right to due process by failing to give him adequate notice that the disciplinary hearing was also an SRG hearing and failing to provide a separate SRG hearing; (5) Semple, Quiros, Prior, Maiga, Mulligan and Aldi violated Riddick's right to due process by refusing to aggregate his administrative segregation time with his SRG time; (6) Semple, Quiros, Maiga, Aldi and Mulligan violated Riddick's right to be free from double jeopardy by subjecting him to multiple punishments where all of the punishments were not imposed at the disciplinary hearing; (7) Semple, Quiros, Maiga, Mulligan, Aldi and Prior violated Riddick's right to be free from ex post facto punishment by requiring him to complete the SRG Program for engaging in speech that was not prohibited at the time the statements were made; (8) Semple, Mulligan, Aldi, Paquette and Prior violated Riddick's right to due process by confiscating his notebook; (9) Semple, Mulligan, Aldi, Paquette and Prior committed the torts of conversion, detinue and replevin by

4

confiscating the notebook.

As a result of the disciplinary charges, Riddick received combined sanctions of 20 days' confinement in punitive segregation from December 6, 2017, through December 25, 2017; thirty days' loss of RREC; 180 days' loss of commissary privileges from May 16, 2023, until November 11, 2023; and 180 days' loss of phone privileges from August 16, 2020, through September 29, 2020; November 14, 2020, through December 28, 2020; January 28, 2021, through March 13, 2021; and April 13, 2021, through May 27, 2021. ECF No. 19 at 31, 39.

Because Riddick was subjected to "mixed sanctions, " *i.e.,* sanctions affecting both the duration and the conditions of his confinement, his due process claims relating to the disciplinary hearing are barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a claim for money damages is not cognizable under 42 U.S.C. § 1983 if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ..., or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87 (citation omitted). The Supreme Court later extended the favorable termination rule to Section 1983 challenges to disciplinary findings or procedures used at disciplinary hearings where the prisoner lost good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997).

The Second Circuit concluded that *Heck's* "favorable termination" rule is intended to "prevent prisoners from using § 1983 to vitiate collaterally a judicial or administrative decision that affected the overall length of their confinement," but acknowledged that the rule is not an absolute bar to consideration of due process claims arising from a disciplinary proceeding at

5

which the plaintiff was subject to "mixed sanctions." *Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006). The Second Circuit held that "a prisoner subject to such mixed sanctions can proceed separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, *but ... can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement.*" *Id.*

In the First, Second, Third, Sixth and Seventh Counts of the amended complaint, Riddick challenges the SRGA disciplinary finding. If he were to prevail on any of those claims, the SRGA disciplinary finding would be called into question. Riddick has not shown that the disciplinary finding has been invalidated. Thus, his claims are barred by *Heck*, *see Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997), unless he "abandon[s], not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement that arise out of the proceeding he is attacking in [this] § 1983 suit." *Peralta*, 467 F.3d at 104 (2d Cir. 2006).

Accordingly, **the Court directs Riddick to advise the Court in writing, within twenty days of the filing date of this Ruling, whether he waives *for all time* all claims in this action relating to disciplinary sanctions affecting the duration of his confinement** (*i.e.*, the forfeiture of RREC) in order to proceed with his claims challenging the disciplinary finding. The Court specifically advises Riddick that failure to file such a statement within the required time will be deemed to constitute his refusal to waive those claims, and will thus result in the dismissal of the First, Second, Third, Sixth and Seventh Counts of the amended complaint.

Riddick's motion for leave to amend [**ECF No. 19**] is **GRANTED**. His motion to supplement the complaint [**ECF No. 8**] and motion to expedite initial review [**ECF No. 9**] are

**DENIED** as moot. The Court cannot, however, docket a portion of the motion as an amended complaint as the document is missing pages 7 and 8 which include factual allegations. Accordingly, Riddick is ordered to file a complete amended complaint within twenty days of the filing date of this Ruling.

Riddick's motion seeking a copy of the amended complaint and a waiver of the filing fee [**ECF No. 24**] is **GRANTED** to the extent that the Clerk is directed to send Riddick a copy of pages 3-111 of the ECF No. 19 with this ruling.

Riddick's motions for Initial Review Order to be completed [**ECF Nos. 38 and 41**] are denied as moot.

**SO ORDERED** at Bridgeport, Connecticut, this 15th day of January 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge