# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|                          |   |                        |
|--------------------------|---|------------------------|
| JEROME RIDDICK,          | : |                        |
|    Plaintiff, | : | No. 3:18-cv-313 (SRU) |
|                          | : |                        |
| v.                       | : |                        |
|                          | : |                        |
| SCOTT SEMPLE, et al.,    | : |                        |
|    Defendants. | : |                   |
|                          | : |                        |

**ORDER**

Plaintiff, Jerome Riddick, has filed six motions for emergency or preliminary injunctive relief, a motion for declaratory ruling, a motion for appointment of counsel, a motion for extension of time, and a motion to amend. The court considers those ten motions below.

I.  <u>Motions filed in Multiple Cases ECF Nos. 10, 11, 12, 18</u>

Two motions seeking emergency orders for preliminary injunctive relief, ECF Nos. 10 and 11, the motion for extension of time, ECF No. 18, and the motion for appointment of counsel, ECF No. 12, include multiple case numbers. Riddick filed these same motions in six cases. The court has considered all four motions in *Al-Bukhari a/k/a Riddick v. Department of Correction*, Case No. 3:16-cv-53(SRU). The court denied the two motions for emergency order on September 21, 2018, in ECF No. 193. The court noted that the subject of the motions, an order to prevent the defendants from limiting his ability to communicate with Inmates' Legal Aid Program personnel, was not an appropriate topic for a request for emergency relief. The court denied the motions without prejudice to refiling in proper form. Riddick did not refile the motions. Motions for Emergency Order, ECF Nos. 10 and 11, are denied for the reasons stated

in the prior ruling in Case No. 3:16-cv-53(SRU).

Riddick's motion for extension of time seeks additional time to reply to the defendants' response to motion for emergency order, ECF No. 11.  Because that motion has been denied without a response, the motion for extension of time is denied as moot.

The court denied the identical motion for appointment of counsel in Case No. 3:16-cv-53, at ECF No. 208.  The court noted that Riddick sought appointment of counsel in several cases that were at different stages of litigation.  He failed to consider the different stages and failed to address why he was unable to litigate on his own.  Riddick's motion for appointment of counsel, ECF No. 12, is denied for the reasons stated in the prior ruling in Case No. 2:16-cv-53(SRU).

      II.      <u>Emergency Motion for Order to Show Cause, ECF No. 7</u>

Riddick asks the Court to order the defendants show cause why a temporary restraining order should not issue to preserve a notebook that was confiscated on December 8, 2017. Riddick states that, in addition to containing evidence used support of a disciplinary charge, the notebook contains addresses and telephone numbers of Riddick's loved ones and other personal information.  The court construes this motion as a motion for preservation of evidence.

Riddick alleges that the notebook was confiscated in December 2017.  Although Riddick states that the defendants have refused to return the notebook because it is evidence, he does not indicate that he made any request to the defendants to preserve the notebook and does not indicate whether the notebook was in the defendants' possession several months later when he drafted this motion.

Riddick's motion is granted to the extent that, if the defendants have Riddick's notebook, they are directed to preserve it pending resolution of this case.

III.     Emergency Motion for Preliminary Injunction ECF No. 14

Riddick seeks an injunction ordering the defendants to credit time he spent in Administrative Segregation and Punitive Segregation to the time he must remain in the Security Risk Group Program.

The same standard is used to evaluate requests for temporary restraining order and preliminary injunction. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992). Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enterprise Six Nations Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted). To prevail, Riddick must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, ___ U.S. ___, 135 S. Ct. 2726, 2736 (2015) (internal quotation marks and citation omitted). The Second Circuit considers a showing of irreparable harm the most important requirement for an award of preliminary injunctive relief. *NAACP v. Town of East Haven*, 70 F.3d 219, 224 (2d Cir. 1995).

Riddick argues that he is suffering irreparable harm as a result of prolonged confinement in Phase 1 of the Security Risk Group Program. In support of his motion, Riddick cites cases holding that, for purposes of analyzing a due process claim, consecutive periods of confinement in restrictive housing must be aggregated when considering whether the inmate was subjected to atypical and significant conditions of confinement. *See, e.g.*, *Giano v. Selsky*, 238 F.3d 223, 226 (2d Cir. 2001).

3

Whether Riddick was subjected to an atypical and significant hardship as required to state a due process claim under *Sandin v. Conner*, 515 U.S. 472 (1995), is unrelated to this request for relief. Riddick does not allege in his motion that he was not afforded process in connection with each period of confinement in restrictive housing. Instead, he merely disputes how the time is allocated. Thus, the cases Riddick cites provide no authority for a claim based on the failure to count the time Riddick spent in Administrative or Punitive Segregation as time served in the Security Risk Group Program. Research reveals no authority for such a claim. Thus, Riddick has not demonstrated a likelihood of success on the merits of his claim. The motion for preliminary injunctive relief is denied.

IV. <u>Emergency Motions for Preliminary Injunction ECF Nos. 22, 23</u>

In these motions, Riddick argues that the defendants have violated his First Amendment rights by punishing him for the content of his telephone conversations to persons outside of the prison system. As explained above, Riddick must demonstrate that he is likely to succeed on the merits of his claim to obtain preliminary injunctive relief. *See Glossip*, ___ U.S. at ___, 135 S. Ct. at 2736.

Although inmates do not forfeit all the protections afforded by the Constitution when they enter a correctional facility, the nature of confinement "and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment …." *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 125 (1977). Riddick retains only those First Amendment rights "that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Turner v. Safley*, 482 U.S. 78, 95 (1987) (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)); *see also Muhammad v. Evans*,

2014 WL 4232496, at *12 (S.D.N.Y. Aug. 15, 2014) ("Some limitations on the freedoms of the First Amendment must be expected in the prison context due to the needs of the penal institution, including valid objectives such as deterrence of crime, rehabilitation of prisoners, and institutional security." (citiations omitted)); *US v. Lamell*, 2012 WL 5285383, at *7 (D. Vt. Oct. 25, 2012) (holding that recording inmate telephone conversations furthers legitimate interest in prison security and does not violate inmate's First Amendment rights).

Research reveals no First Amendment right of a prisoner to discuss Security Risk Group matters. *Accord Ely v. Warden*, 1999 WL 203816, at *1 (Conn. Super. Ct. Apr. 1, 1999) (upholding designation of inmate as Security Risk Group member based on letter written by inmate to a former inmate which letter referred to Security Risk Group motto and urged organization). In addition, the claim in the amended complaint is based on one disciplinary report issued on December 6, 2017. Because Riddick does not allege that he has received any additional charges based on telephone conversations, he fails to demonstrate that he will suffer irreparable harm if the motion is denied. The motions for preliminary injunctive relief are denied.

V.      Motion for Declaratory Ruling ECF No. 20

Riddick asks the Court for a declaratory ruling clarifying the meaning of Connecticut Regulations 18-81-28 through 18-81-51. He states that he requested the same declaration from the Department of Correction. The Department declined to issue the declaration because Riddick had commenced this action.

The Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, provides that the federal court, "upon the filing of an appropriate pleading, may declare the rights and other legal relations of

any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a). In a case involving a declaratory judgment action relating to enforcement of a state criminal statute, the Supreme Court suggests that declaratory relief is available only at the conclusion of a case. "[P]rior to final judgment there is no established declaratory remedy comparable to a preliminary injunction." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975).

However, in *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Doe,* 868 F. Supp. 532 (S.D.N.Y. 1994), the district court noted that, "[s]ome courts have indeed acknowledged that temporary or preliminary declaratory relief is available to litigants as a provisional remedy. *Id.* at 535 (citing *Original Great Am. Chocolate Chip Cookie Co. v. River Valley Cookies, Ltd.,* 970 F.2d 273, 276 (7th Cir. 1992) (Posner, J.) (citing cases in which some courts have held such relief available and other cases that disagreed)). Thus, there is no clear precedent authorizing the preliminary declaratory relief Riddick seeks.

Even if the Court were to recognize the right to preliminary declaratory relief, Riddick's motion should be denied. Where litigants have filed motions seeking both preliminary injunctive and preliminary declaratory relief, the court has applied the preliminary injunction standard. *See Dutkiewicz v. City of Bristol*, No. 2:11-CV-790 (JCH), 2011 WL 3267761, at *2-3 (D. Conn. July 28, 2011) (applying preliminary injunction standard to motion seeking both emergency injunctive and declaratory relief); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Doe*, 868 F. Supp. 532, 535-36 (S.D.N.Y. 1994) (district court has power to issue preliminary declaratory relief and relief should be conditioned on same standard applied to motions for preliminary

injunctive relief).

As explained in the preceding section, this case concerns the application of a state regulation to support a December 2017 disciplinary charge. Riddick seeks a declaratory ruling that the regulation does not authorize the charge. The court determined above that the motions for preliminary injunctive relief on the same issue should be denied. This motion is denied for the same reasons.

VI.     Motion to Amend, ECF No. 27

Riddick has filed a motion to amend his complaint to add exhibits. The court notes that Riddick recently filed an amended complaint that includes the exhibits referenced in the motion along with one additional exhibit. As he has filed an amended complaint including this information, the motion to amend is denied as moot. The court notes that the complaint in all three submissions is the same. Riddick has only submitted additional exhibits.

VII.    Conclusion

Riddick's motions for emergency order [**ECF Nos. 10, 11**], and appointment of counsel [**ECF No. 12**] are **DENIED** for the reasons stated in the Court's prior rulings, ECF Nos. 193 and 208 filed in *Al-Bukhari a/k/a Riddick v. Department of Correction*, Case No. 3:16-cv-53(SRU). His motion for extension of time [**ECF No. 18**] is **DENIED** as moot.

Riddick's emergency motion for order to show cause [**ECF no. 7**] which the Court construes as a motion to preserve evidence is **GRANTED** to the extent that, if the defendants still retain Riddick's notebook, they shall preserve it pending resolution of this case.

Riddick's motions for preliminary injunctive relief [**ECF Nos. 14, 22, 23**] and his motion for declaratory ruling [**ECF No. 20**] are **DENIED**.

Riddick's motion to amend [**ECF No. 27**] is **DENIED** as moot.

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of February 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge